## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE RODRIGUEZ-CALDERON,            :
                                     :
            Petitioner               :
                                     :        3:05-CV-2640
      v.                             :
                                     :        Judge Vanaskie
CAMERON LINDSAY, Warden,             :
                                     :
            Respondent               :


## MEMORANDUM AND ORDER

This habeas corpus proceeding challenging a decision of the Bureau of Prisons

("BOP") to deny the incarcerated Petitioner's request for a transfer to a Residential Reentry

Center several years prior to the expiration of his sentence is before the Court on

Respondent's objections to a Magistrate Judge's Report and Recommendation.  The

Magistrate Judge found that refusal to consider Petitioner's Residential Reentry Center

transfer request on the ground that he was not yet eligible for consideration for Residential

Reentry Center placement under 18 U.S.C. § 3624(c) constituted legal error.[1]  Asserting

---

[1]Section 3624(c) of title 18 U.S.C., in pertinent part, provides:

> The Bureau of Prisons shall, to the extent practicable, assure
> that a prisoner serving a term of imprisonment spends a
> reasonable part, not to exceed six months, of the last 10 per
> centum of the term to be served under conditions that will afford
> the prisoner a reasonable opportunity to adjust to and prepare
> for the prisoner's re-entry into the community.  The authority

that Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), was "squarely on point," the Magistrate Judge concluded that the BOP is obligated to assess the factors governing placement of an inmate set forth in 18 U.S.C. § 3621(b)[2] whenever an inmate requests placement in a Residential Reentry Center.  Respondent objects to this conclusion, arguing that an inmate cannot compel an individualized assessment of the factors presented in § 3621(b) simply by submitting a request to be transferred to a Residential Reentry Center.  Respondent argues that it is obligated to consider the § 3621(b) factors for placement in a Residential Reentry Center only when the inmate approaches the final six (6) months of the imposed prison term.

As Petitioner's projected release date on his 262-month sentence is not until July 1, 2009, Respondent contends that the BOP did not act contrary to law in failing to undertake an assessment of the § 3621 criteria when Petitioner requested Residential Reentry Center

provided by this subsection may be used to place a prisoner in home confinement.

[2]Section 3621(b), entitled "Places of imprisonment," states:

The [BOP] shall designate the place of the prisoner's imprisonment.  The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . considering –

(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement of court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of the title 28.

placement.

I recently addressed this identical issue in Nunez v. Lindsay, Civil No. 3:CV-06-1413, 2007 WL 1875797 (M.D. Pa. June 27, 2007). Nunez sought Residential Reentry Center placement several years before his anticipated release date of March 2, 2010. Nunez, like Petitioner in this case, argued that he was entitled to have the BOP assess the § 3621(b) factors by asking for a transfer to a Residential Reentry Center. I rejected Nunez's position, explaining:

> Nothing in 18 U.S.C. § 3621(b) mandates if or when the BOP is required to transfer or even consider, an inmate's request for transfer to any particular facility. Rather, it is the pre-release statute, § 3624(c), which commands that consideration for Residential Reentry Center placement will take place during the last ten percent or six months of a sentence. . . .
>
> Title 18 U.S.C. §3612(b) does not provide an inmate any right or entitlement to have the BOP review an inmate generated request for transfer, even to a Residential Reentry Center, prior to an inmate's pre-release eligibility date.

In denying Nunez's request for reconsideration, I elaborated on the rationale for denying him relief:

> Nunez claims the Court "did not address" the BOP's failure to exercise its discretion pursuant to 18 U.S.C. § 3621 when evaluating his transfer request to a Residential Reentry Center for the remainder of his sentence in advance of his pre-release preparation date. (Dkt. Entry 13, Motion for Reconsideration, p. 2.) Nunez's claim is unfounded. This Court specifically held that Nunez is not entitled to a transfer review at his request. The BOP is only required to evaluate a convict's placement pursuant to the terms of 18 U.S.C. § 3621(b) when it, not the inmate, elects to transfer or place a convict at a particular facility, including a Residential Reentry Center. In this case, the BOP exercised its discretion under 18 U.S.C. § 3621(b) when it initially

3

denied Nunez's transfer request on the basis that he did not present any
"extenuating circumstances" to allow for Residential Reentry Center
placement above and beyond the six month period. (See Dkt. Entry 1,
Petition, Exh. C.) There was no need for the BOP to consider the factors set
forth in 18 U.S.C. § 3621(b) prior to his pre-release preparation date of
September 2, 2009. An inmate simply cannot trigger the consideration of
prison placement factors by asking for a transfer because an inmate has no
right to be housed in any particular prison. See Olim v. Wakinekona, 461 U.S.
238, 245 (1983); Brown v. Hogsten, 214 Fed. Appx. 124 (3d Cir. 2007).

Nunez v. Lindsay, Civil No. 3:CV-06-1413, Order at 2-3 (M.D. Pa. July 24, 2007).

The Hon. Christopher C. Conner of this Court has reached an identical conclusion to

that expressed in Nunez.  See White v. Hogsten, No. Civ.A. 1:06-CV-1088, 2006 WL

1878328 (M.D. Pa. July 6, 2006).  Judge Conner held that an inmate has no right to compel

consideration of Residential Reentry Center placement under the factors presented in §

3621(b) where, as here, the prisoner is not approaching the final six (6) months of his prison

term.

Contrary to the Magistrate Judge's conclusion, this case is not controlled by Woodall.

In Woodall, the Third Circuit Court of Appeals invalidated BOP regulations that limited an

inmate's placement in a Residential Reentry Center to the lesser of ten percent of the

prisoner's total sentence or six months because the regulations prevented the BOP from

exercising its discretion under 18 U.S.C. § 3621(b).  See Woodall, 429 F.2d 250.  The

appellate court found that § 3624 did not remove the BOP's discretion, granted via §

3621(b), to designate an inmate to "any available penal or correctional facility," which

includes Residential Reentry Centers, at any point during the inmate's incarceration, for any

length of time. Id. at 250-51.  The Woodall court, however, dispelled any implication that §

3624 created an entitlement or guarantee to Residential Reentry Center placement prior to

the expiration of the offender's sentence.  "[T]hat the BOP may assign a prisoner to a

[Residential Reentry Center] does not mean that it must." Id. at 251.   Section 3624(c) is to

be read in conjunction with the language of § 3621(b), and stands for the premise that

"when possible," based on the BOP's consideration of the factors set forth in § 3621(b), a

federal inmate should be placed in a Residential Reentry Center or similar facility during the

last ten percent of the inmate's sentence, but not to exceed six months.. Woodall did not

address the issue presented here, i.e., must the BOP consider the factors set forth in

section 3621(b) when an inmate asks to be transferred to a Residential Reentry Center for

the final years of his sentence.  Woodall involved an inmate who received a total sentence

of 30 months with a recommendation from the sentencing court that the final six months be

served in a Residential Reentry Center.  The challenged regulations precluded the BOP

from taking into account the sentencing court's recommendation that the final six months be

served in a community confinement setting.  Woodall does not cover an inmate who is

seeking placement in a Residential Reentry Center for the final several years of his 22-year

sentence.

        Consistent with the holdings in Nunez and White, I find that the BOP did not err in

summarily rejecting Petitioner's request for Residential Reentry Center placement submitted many months before the BOP must consider transfer of him to a Residential Reentry Center under 18 U.S.C. §3624(c).  Accordingly, Respondent's objection to the Report and Recommendation will be sustained, and the petition for a writ of habeas corpus will be denied.

**AND NOW, THEREFORE, THIS 20th DAY OF SEPTEMBER, 2007, IT IS HEREBY ORDERED THAT:**

1.  The Petition for Writ of Habeas Corpus is **DENIED**.

2.  Petitioner's Letter Motion for Relief (Dkt. Entry 22) is **DENIED.**

3.  The Clerk of Court is directed to mark this matter **CLOSED.**

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie
United States District Judge